# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HENRY LUI, II | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-01218 |
| | ) Judge William L. Campbell, Jr. |
| | ) Magistrate Judge Alistair Newbern |
| | ) |
| ETTAIN GROUP, COMMUNITY HEALTH | ) |
| SYSTEMS, INC. and CHSPSC, LLC d/b/a | ) |
| COMMUNITY HEALTH SYSTEMS | ) |
| | ) |
|     Defendants. | ) |

## ANSWER OF DEFENDANT CHSPSC, LLC TO PLAINTIFF'S COMPLAINT

Defendant CHSPSC, LLC ("CHSPSC"), for its Answer to Plaintiff's Collective Action Complaint ("Complaint"), states as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against CHSPSC pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Plaintiff's claims against CHSPSC and the claims of those who are allegedly similarly situated are barred as to CHSPSC because CHSPSC does not employ Plaintiff or those alleged to be similarly situated.

### THIRD DEFENSE

Plaintiff's claims and the claims of those who are alleged to be similarly situated are barred to the extent the work performed falls within exemptions, exclusions, exceptions, or credit under the FLSA, or is otherwise not compensable.

## FOURTH DEFENSE

CHSPSC is not a joint, common or integrated employer with Defendant Ettain Group ("Ettain Group") or Defendant Community Health Systems, Inc. ("CHSI") for any purposes, including without limitation, with regard to Plaintiff or those alleged to be similarly situated.

## FIFTH DEFENSE

Plaintiff's claims and the claims of those who are alleged to be similarly situated are barred, in whole or in part, by the applicable statute of limitations, 29 U.S.C. § 255(a).

## SIXTH DEFENSE
### (Answer to Numbered Paragraphs)

1. CHSPSC admits that Plaintiff's Complaint purports to state a collective action under the FLSA on behalf of Plaintiff and others alleged to be similarly situated. CHSPSC denies that such an action is properly brought, denies that CHSPSC is an appropriate party to this action and denies any wrongdoing.

2. CHSPSC denies the allegations contained in paragraph 2 of Plaintiff's Complaint. CHSPSC also denies that CHSPSC is properly referenced collectively with CHSI as "CHS." CHSPSC is an entity separate and distinct from CHSI.

3. CHSPSC admits that Plaintiff's Complaint purports to seek relief on behalf of Plaintiff and those individuals alleged to be similarly situated pursuant to the FLSA. CHSPSC denies that such an action is properly brought, denies that CHSPSC is an appropriate party to this action and denies any wrongdoing.

4. CHSPSC admits that Plaintiff's Complaint purports to seek relief on behalf of Plaintiff and those individuals alleged to be similarly situated pursuant to the FLSA. CHSPSC denies that such an action is properly brought, denies that CHSPSC is an appropriate party to this action and denies any wrongdoing.

5. CHSPSC restates and realleges its responses to paragraphs 1-4 of Plaintiff's Complaint.

6. CHSPSC admits that Plaintiff Lui's consent form is attached as Exhibit A. To the extent the allegations contained in paragraph 6 of Plaintiff's Complaint are directed to CHSI, CHSPSC denies the allegations. CHSPSC admits that Plaintiff worked as a third-party contingent laborer ("Contractor") to perform project coordination for computer software installation at hospitals and other medical facilities affiliated with CHSPSC. CHSPSC is without knowledge or information sufficient to form a belief as to the allegations directed to Ettain Group and, therefore, denies the same. CHSPSC denies the remaining allegations contained in paragraph 6, not specifically admitted herein and that are in any way inconsistent with the foregoing response.

7. Upon information and belief, CHSPSC admits that Ettain Group is a North Carolina corporation. CHSPSC is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8. To the extent the allegations contained in paragraph 8 of Plaintiff's Complaint are directed to CHSI, CHSPSC denies the allegations. CHSPSC admits that Ettain Group indirectly provides CHSPSC with individuals to perform IT-related contract work at hospitals and other medical facilities affiliated with CHSPSC. CHSPSC does not employ those individuals, including Plaintiff. CHSPSC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8, not specifically admitted herein and, therefore, denies the same. CHSPSC denies all allegations that are in any way inconsistent with the foregoing response.

9. CHSPSC admits that Community Health Systems, Inc. is a Delaware corporation with its principal place of business located at 4000 Meridian Boulevard, Franklin, Tennessee. CHSPSC denies that "Community Health Systems" is a legal entity. CHSPSC denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint, not specifically admitted herein and that are in any way inconsistent with the foregoing responses.

10. CHSPSC admits that the registered agent for service for Community Health Systems, Inc. is Justin Pitt, 4000 Meridian Boulevard, Franklin, Tennessee 37067. CHSPSC denies that "CHS" is a legal entity. To the extent the remaining allegations contained in paragraph 10 of Plaintiff's Complaint are directed to CHSI, CHSPSC denies those allegations. CHSPSC admits that Ettain Group indirectly provides CHSPSC with individuals to perform IT-related contract work at hospitals and other medical facilities affiliated with CHSPSC. CHSPSC does not employ those individuals, including Plaintiff. CHSPSC denies all remaining allegations contained in paragraph 10 of Plaintiff's Complaint, not specifically admitted herein and that are in any way inconsistent with the foregoing responses.

11. CHSPSC admits that CHSPSC is a Delaware limited liability company with its principal place of business located at 4000 Meridian Boulevard, Franklin, Tennessee. CHSPSC is an entity separate and distinct from CHSI. CHSPSC denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint, not specifically admitted herein and that are in any way inconsistent with the foregoing responses.

12. CHSPSC admits that CHSPSC's registered agent for service is Justin Pitt, 4000 Meridian Boulevard, Franklin, Tennessee. CHSPSC denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint, not specifically admitted herein and that are in any way inconsistent with the foregoing responses.

13. CHSPSC denies that collectively referencing CHSI and CHSPSC in this context as "CHS" is accurate or appropriate. CHSI and CHSPSC are separate and distinct entities.

14. CHSPSC denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

[9.] In response to mis-numbered paragraph 9 in Plaintiff's Complaint, CHSPSC restates and realleges its responses to paragraphs 1-14 of Plaintiff's Complaint.

[10.] In response to mis-numbered paragraph 10 in Plaintiff's Complaint, CHSPSC admits the Court has subject matter jurisdiction over this FLSA matter; however, CHSPSC denies that this action is properly brought, denies that CHSPSC is an appropriate party to this action and denies any wrongdoing.

[11.] In response to mis-numbered paragraph 11 in Plaintiff's Complaint, CHSPSC admits that venue is appropriate in the Middle District of Tennessee, but denies that this action is properly brought, denies that CHSPSC is an appropriate party to this action and denies any wrongdoing.

[12.] In response to mis-numbered paragraph 12 in Plaintiff's Complaint, CHSPSC admits that Plaintiff purports to bring this action on behalf himself and as a collective action under the FLSA. CHSPSC denies that such an action is properly brought, denies that CHSPSC is an appropriate party to this action and denies any wrongdoing.

[14.] In response to mis-numbered paragraph 14 in Plaintiff's Complaint, CHSPSC restates and realleges its responses to paragraphs 1-14 and mis-numbered paragraphs 9-12 and mis-numbered paragraph 14.

15. CHSPSC admits that Plaintiff purports to bring this collective action pursuant to the FLSA. CHSPSC denies that this action is properly brought, denies that CHSPSC is an appropriate party to this action and denies any wrongdoing. CHSPSC specifically denies that it

employs any individual that is referenced in the alleged "Covered Position" definition contained in paragraph 15 of Plaintiff's Complaint. CHSPSC also denies that it engaged in any of the alleged wrongful conduct in this action. CHSPSC denies all remaining allegations contained in paragraph 15, not specifically admitted herein and that are in any way inconsistent with the foregoing responses.

16. CHSPSC denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. CHSPSC denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. CHSPSC denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. CHSPSC denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. CHSPSC denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. CHSPSC denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. CHSPSC denies the allegations and requested relief in paragraph 22 of Plaintiff's Complaint.

23. CHSPSC denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. CHSPSC restates and realleges its responses to paragraphs 1-14, mis-numbered paragraphs 9-12, mis-numbered paragraph 14 and paragraphs 15-23 of Plaintiff's Complaint.

25. CHSPSC denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. To the extent the allegations contained in paragraph 26 of Plaintiff's Complaint are directed to CHSI and CHSPSC, CHSPSC denies the allegations. CHSPSC is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendant and, therefore, denies the same.

27. CHSPSC denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. CHSPSC denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.   To the extent the allegations contained in paragraph 29 of Plaintiff's Complaint are directed to CHSI and CHSPSC, CHSPSC denies the allegations.  CHSPSC is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendant and, therefore, denies the same.

30.   To the extent the allegations contained in paragraph 30 of Plaintiff's Complaint are directed to CHSI and CHSPSC, CHSPSC denies the allegations.  CHSPSC is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendant and, therefore, denies the same.

31.   CHSPSC denies that Plaintiff or any member of the proposed collective class received a W-2 form from CHSI.  CHSPSC denies that Plaintiff or any person included in the alleged "Covered Position" definition contained in paragraph 15 of Plaintiff's Complaint received a W-2 form from CHSPSC.  To the extent the allegations in paragraph 30 of Plaintiff's Complaint are directed at Ettain Group, CHSPSC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.  CHSPSC denies any statement not specifically admitted herein and that is in any way inconsistent with the foregoing response.

32.   CHSPSC denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.   CHSPSC denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.   To the extent the allegations contained in paragraph 34 of Plaintiff's Complaint are directed to CHSI, CHSPSC denies the allegations. CHSPSC admits that Plaintiff was required to travel while working as a Contractor.  CHSPSC admits that Contractors were paid for travel consistent with the FLSA. CHSPSC is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining allegations, not specifically admitted herein

and, therefore, denies the same. CHSPSC denies any allegation that is inconsistent with the foregoing response.

35. To the extent the allegations contained in paragraph 35 of Plaintiff's Complaint are directed to CHSI, CHSPSC denies the allegations. CHSPSC is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants and, therefore, denies the same.

36. CHSPSC denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. CHSPSC denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. CHSPSC denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. CHSPSC restates and realleges its responses to paragraphs 1-14, mis-numbered paragraphs 9-12, mis-numbered paragraph 14 and paragraphs 15-38 of Plaintiff's Complaint.

40. Paragraph 40 of Plaintiff's Complaint contains a statement of law not an allegation of fact and, as such, no response is required. To the extent a response is required, CHSPSC denies the statement set forth in paragraph 40 is applicable to CHSPSC in this matter.

41. CHSPSC denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. To the extent the allegations contained in paragraph 42 of Plaintiff's Complaint are directed to CHSI and CHSPSC, CHSPSC denies the allegations. CHSPSC is without information or knowledge sufficient to form a belief as to the truth of the allegations as to the remaining defendant and, therefore, denies the same.

43. CHSPSC denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. To the extent the allegations contained in paragraph 44 of Plaintiff's Complaint are directed to CHSI, CHSPSC denies the allegations. To the extent the allegations are directed at CHSPSC, CHSPSC admits the allegations. CHSPSC is without knowledge or information

sufficient to form a belief as to the truth of the allegations as to the other defendant and, therefore, denies the same.

45. CHSPSC denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. CHSPSC denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. CHSPSC denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. CHSPSC denies the allegations and demands for relief contained in paragraph 48 of Plaintiff's Complaint.

49. CHSPSC denies all allegations and requests for relief contained in Plaintiff's Complaint not specifically admitted herein.

## ADDITIONAL DEFENSES

### SEVENTH DEFENSE

Plaintiff's claims and the claims of those who are alleged to be similarly situated are barred by the doctrines of waiver, unclean hands, estoppel, laches, after-acquired evidence and/or avoidable consequences.

### EIGHTH DEFENSE

Plaintiff's claims and the claims of those who are alleged to be similarly situated are barred by the doctrines of payment, set-off, accord and satisfaction and/or recoupment.

### NINTH DEFENSE

If CHSPSC were found to be an employer – which is expressly denied – Plaintiff's claims and the claims of those who are alleged to be similarly situated are barred in whole or in part by 29 U.S.C. § 259 and other applicable law, because the acts or omissions complained of were taken in good faith and in reliance on administrative regulations, orders, rulings, interpretations, and approvals of the Department of Labor.

## TENTH DEFENSE

If CHSPSC were found to be an employer – which is expressly denied – Plaintiff's claims and the claims of those who are alleged to be similarly situated are barred in whole or in part because the acts or omissions complained of were taken in good faith with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

## ELEVENTH DEFENSE

If CHSPSC were found to be an employer – which is expressly denied – Plaintiff's claims and the claims of those who are alleged to be similarly situated are barred in whole or in part to the extent that the work Plaintiff performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA.

## TWELFTH DEFENSE

If CHSPSC were found to be an employer – which is expressly denied -- Plaintiff's damages and the damages of those alleged to be similarly situated, if any, are limited to two years because CHSPSC did not engage in willful conduct.

## THIRTEENTH DEFENSE

To the extent Plaintiff and those alleged to be similarly situated claim to have suffered any of the damages, those claims are barred by the failure to mitigate damages.

## FOURTEENTH DEFENSE

To the extent any violations of the FLSA have occurred, Plaintiff's claims and the claims of those who are alleged to be similarly situated are *de minimis*.

## FIFTEENTH DEFENSE

Plaintiff's claims and the claims of others who are alleged to be similarly situated are barred to the extent they seek to assert claims on behalf of other individuals who are not similarly situated for purposes of the FLSA, thus barring collective action treatment pursuant to 29 U.S.C. § 216(b).

## SIXTEENTH DEFENSE

Plaintiff's definition of the alleged to be similarly situated individuals is overly broad, inappropriate, undefined and fails to satisfy the requirements of applicable law.

## SEVENTEENTH DEFENSE

Plaintiff's claims and the claims of others who are alleged to be similarly situated are barred from recovery, in whole or in part, to the extent they were engaged in activities that were not compensable work under the FLSA and that were not an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary or postliminary to their principal activities.

## EIGHTEENTH DEFENSE

Plaintiff's claim for damages and the claims of others who are alleged to be similarly situated are barred in whole or in part based on certain reclamation policies or practices and failure to make reasonable effort to use those policies, procedures and/or systems. Plaintiff and others who are alleged to be similarly situated, otherwise failed to comply with applicable policies, procedures, directives and guidelines and are otherwise estopped from pursuing their claims by reason of their own acts, omissions and course of conduct.

## NINETEENTH DEFENSE

Certification of this case as a collective action would require a trial in which individual issues predominate over common issues; consequently CHSPSC and the other defendants would be deprived of their due process rights under the Constitution of the United States of America.

WHEREFORE Defendant CHSPSC, LLC requests the following relief from the Court:

1) Dismiss Plaintiff's Complaint against CHSPSC in its entirety;

2) Award CHSPSC its costs and attorneys' fees; and

3) Order such other and further relief as the Court deems proper.

                                      Respectfully submitted,

                                      s/Katharine R. Cloud
                                      William M. Outhier (TN Bar No. 15609)
                                      Katharine R. Cloud (TN Bar No. 19336)
                                      Stuart Burkhalter (TN Bar No. 29078)
                                      Riley Warnock & Jacobson, PLC
                                      1906 West End Avenue
                                      Nashville, Tennessee 37203
                                      (615) 320-3700
                                      wouthier@rwjplc.com
                                      kcloud@rwjplc.com
                                      sburkhalter@rwjplc.com

                                      *Attorneys for Defendants*
                                      *Community Health Systems, Inc. and*
                                      *CHSPSC, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing systems on all counsel of record:

Emily S. Alcorn
Gilbert McWherter Scott Bobbitt PLC
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
ealcorn@gilbertfirm.com

Michael L. Weinman
Weinman & Associates
101 N. Highland Ave.
P.O. Box 266
Jackson, Tennessee 38302
mike@weinmanandassoc.com

Kevin C. Klein
Klein Bussell, PLLC
1224 Sixth Avenue North
Nashville, Tennessee 37208
kevin.klein@kleinbussell.com

on this 3rd day of January, 2019.

                                                s/ Katharine R. Cloud