IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HENRY LUI, II,<br>Individually, and on behalf of himself<br>and all other similarly situated current<br>and former employees,<br><br>    Plaintiff,<br>v.<br><br>ETTAIN GROUP, COMMUNITY HEALTH<br>SYSTEMS, INC. and CHSPSC, LLC d/b/a<br>COMMUNITY HEALTH SYSTEMS,<br><br>    Defendants. | Case No.: 3:18-cv-01218<br><br>Judge Campbell<br><br>Magistrate Judge Newbern<br><br>JURY DEMANDED |

## INITIAL CASE MANAGEMENT ORDER

As agreed by the parties in the initial case management conference held on February 4, 2019, this initial case management order sets a schedule through the Court's ruling on conditional certification of the proposed class. The parties shall jointly move to set a second case management conference no later than seven days after the Court's conditional certification ruling. Deadlines for the conclusion of fact and expert discovery and dispositive motions and the target trial date will be set at that time.

    A. JURISDICTION: The Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

    B. BRIEF THEORIES OF THE PARTIES:

    **For Plaintiff**: This is a collective action under Section 216(b) of the Fair Labor Standards Act to recover unpaid overtime compensation for the Named Plaintiff, individually, and on

1

behalf of similarly situated individuals who were employed by Ettain group and Community Health Systems ("CHS") and/or CHSPSC to perform IT related services, but were misclassified as independent contractors of CHS. Plaintiff contends that Defendants willfully failed to compensate Plaintiff and similarly situated employees for travel time as required by the FLSA, and all overtime hours worked. Specifically, Plaintiff alleges that he and similarly situated employees were regularly and repeatedly required to travel for work without compensation and to work in excess of 40 hours per week without proper overtime compensation.

**For Defendant ettain group, Inc. ("Ettain"):** Plaintiff is a former employee of Defendant Ettain who was assigned by Ettain to provide IT related services to Ettain's client, Defendant CHS, as a Project Coordinator III from July 10, 2017 through September 21, 2018. By way of his Complaint, Plaintiff purports to assert claims under the Fair Labor Standards Act, 29 U.S.C. § 2 01 et seq. ("FLSA") for himself and on behalf of purportedly similarly-situated employees. While Plaintiff's allegation in his Complaint are vague and conclusory, at best, Plaintiff appears to allege that he, and others who are purportedly similarly situated, performed work "off the clock" and, therefore, were not compensated for all hours worked, including hours in excess of forty per workweek. Ettain's specific defenses are set forth in its Answer to the Complaint. (*See* Doc. No. 20.) As more particularly described therein, Ettain denies Plaintiff's allegations, denies that a collective pursuant to the FLSA is appropriate, and further denies that Plaintiff has ever been a member of the collective he purports to represent or that he is otherwise a proper representative of the collective he purports to represent in this action. Indeed, at all times

2

during Plaintiff's employment with Ettain, Ettain had in place policies and procedures requiring Plaintiff and other hourly employees to accurately record all time worked. As a result, to the extent Plaintiff chose not to accurately record his working time, he did so in violation of Ettain's express policies and procedures, including his W-2 Employment Agreement which he executed on June 25, 2017, and without the actual or constructive knowledge of Ettain.

Moreover, any collective action would require an individualized examination of each employee's unique circumstances to determine, among other issues, whether each employee accurately recorded all time worked, as required by Ettain, and to the extent any time worked was unrecorded or inaccurately reported, the reasons for this deviation from Ettain's lawful policies. In sum, neither Plaintiff, nor any collective or class he purports to represent, is entitled to any of the relief requested in the Complaint and Ettain has at all times relevant to the allegations in the Complaint complied with the FLSA.

**For Defendants Community Health Systems, Inc. and CHSPSC, LLC:** For approximately one year, from August 2017-September 2018, Plaintiff worked as a third-party contingent laborer ("Contractor") performing project coordination work for computer software installation at hospitals and other medical facilities affiliated with Defendant CHSPSC, LLC ("CHSPSC"). CHSPSC indirectly procured the services of Contractors, including Plaintiff, through Ettain Group, who CHSPSC understands to have maintained an employment relationship with Plaintiff. CHSPSC did not employ Plaintiff and did not issue Plaintiff a W2 Form.

At all times relevant, CHSPSC understands that Plaintiff was compensated for all hours

3

worked, including compensation at a rate of time and a half for all hours worked in excess of forty in a work week. Further, all travel time required of Plaintiff and other Contractors was compensated consistent with FLSA requirements. No FLSA violation occurred and, as a result, conditional class certification based on the allegations contained in Plaintiff's Complaint, is improper.

Defendant Community Health Systems, Inc. ("CHSI") is a publicly-traded holding company, and the indirect parent company of CHSPSC. At no time has CHSI employed or contracted with any individual to perform computer work, or any other type of work. CHSI has no employees, is not subject to the FLSA, and never engaged in any conduct that affected or impacted Plaintiff or any individual who is alleged to be similarly situated. CHSI is improperly before this Court as a defendant. ISSUES RESOLVED: Jurisdiction and venue.

C. ISSUES STILL IN DISPUTE: The issues listed below are genuinely in dispute, and the parties do not anticipate them being narrowed by stipulation. These issues are as follows:

- Whether Ettain has lawful policies and procedures requiring Plaintiff and other purportedly similarly situated hourly employees to accurately record all time worked, and whether Plaintiff followed those alleged policies and procedures;

- Whether the time Plaintiff alleges he worked without pay constitutes compensable work time;

- Whether, to the extent Plaintiff had any compensable work time for which he was uncompensated, whether Ettain had actual or constructive knowledge that such work was performed and/or performed without compensation;

- Whether Ettain properly compensated Plaintiff in compliance with the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA");

- Whether any violations of the FLSA were "willful;"

4

- Whether there are any individuals similarly situated to Plaintiff with regard to his claims in this litigation;

- Whether collective action certification pursuant to 29 U.S.C. § 216 is appropriate for Plaintiff's FLSA claims;

- Whether Ettain complied with the relevant provisions of the FLSA;

- Whether Ettain may prevail on any defenses it may assert, including those asserted in Ettain's Answer to the Complaint; and

- The amount of damages, if any, Plaintiff has suffered, and to the extent any collective action is certified, the amount of damages, if any, that and others similarly situated have suffered.

- Whether CHSI is subject to the FLSA in this matter.

- Whether CHSPSC is subject to the FLSA in this matter.

- Whether CHSI may prevail on any defenses asserted in its Answer to the Complaint

- Whether CHSPSC may prevail on any defenses asserted in its Answer to the Complaint.

D. INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1): **February 22, 2019.**

E. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:

The parties have considered the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. The parties shall mediate the case no later than sixty (60) days after either the close of the opt-in period (in the event the Court grants conditional certification), or within sixty (60) days after the Court's order denying conditional certification, whichever the case may be. The parties will file a joint mediation report within seven (7) days after the completion of mediation.

The parties are also willing to engage in early meaningful, informal settlement discussions

5

before the end of February 2019.

F. DISCOVERY: Discovery shall take place in two phases.

The first phase of discovery shall address conditional class certification and shall include written discovery of the named plaintiff and the named plaintiff's deposition. By agreement of the parties, all depositions shall be limited only to one day consisting of a maximum seven hours on the record and may not be adjourned without cause and continued to another day except by consent of the parties or upon leave of Court pursuant to the Federal Rules of Civil Procedure. If additional plaintiffs opt in to the action and Defendants seek to take discovery from those persons, the parties shall meet and confer in an attempt to reach agreement on any necessary procedures. If the parties are unable to reach agreement, they shall set a telephone conference with the Magistrate Judge at the earliest mutually available opportunity and shall file a joint statement of their dispute one business day before the call.

The second phase of discovery shall address the merits of the case and, if conditional certification is granted, discovery from additional opt-in plaintiffs to be defined in scope as necessary by future agreement or order.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. In connection with any discovery conference or

6

discovery motion, the parties shall file a joint dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

G. ELECTRONIC DISCOVERY: The parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached an agreement regarding e-discovery. Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in hard-copy or static form, thereby allowing documents produced to be indexed and individually marked through bates stamping. When appropriate, electronically-stored information may be produced electronically, including in native format (*i.e.* for large spreadsheets if necessary). If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim or attorney-client privilege or work product immunity for such information, provided that the producing party makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial

7

action to withdraw the disclosure upon its discovery. The parties agree that discovery will be reasonable and will be limited to matters that are relevant to claims/defenses raised or likely to lead to the discovery of claims/defenses raised. The parties further agree that discovery will not be unduly burdensome and will not impose unduly expensive costs on either side and that discovery will be limited to data reasonably available to the parties in the ordinary course of business and proportionate to the needs of the case. The parties agree that they will meet and confer to reach appropriate agreements regarding the scope of electronically-stored information to ensure these objectives of avoiding undue burden and expense and ensuring proportionality are obtained.

Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

H. MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE: Any motion for conditional certification shall be filed no later than May 3, 2019. Defendants' response to Plaintiff's motion for conditional certification will be due no later than June 3, 2019. Plaintiff will have 14 days from the filing of any response to submit any reply brief.

I. MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected

deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still confirm to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

J. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS: Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed,** must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in deal of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically

sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

IT IS SO ORDERED.

_____
United States Magistrate Judge